IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**GIL RODRIGUEZ ALICEA,**

    Plaintiff,

    v.                                        Civil No. 13-1280 (GAG)

**MITSUBISHI MOTOR SALES OF**

**CARIBBEAN,**

    Defendant.

**OPINION AND ORDER**

Gil Rodriguez Alicea ("Plaintiff") originally brought this action in Puerto Rico state court against Mitsubishi Motor Sales of Caribbean ("Defendant") alleging violations of the Fair Debt Collection Practices Act of 1970, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). Because the claim arises under federal law, the case was properly removed to federal court pursuant to 28 U.S.C. § 1441. (Docket No. 7.) Defendant filed a motion to dismiss for failure to conform with federal pleading standards. The court denied the motion and granted Plaintiff an extension of time to amend his complaint. (Docket Nos. 10 & 11.) The time period the court gave Plaintiff to amend has expired and no amended complaint was submitted. (Id.)

Presently before the court is Defendant's reiterated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 12.) Having reviewed these submissions and the pertinent law, the court **GRANTS** Defendant's motion to dismiss at Docket No. 12.

**I.    Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement

**Civil No. 13-1280 (GAG)**

need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. See generally Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49 (D.P.R. 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at 54 (external citations omitted). "[T]he elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

## II. Factual Background

Plaintiff alleges that he "was the victim of identity theft, when certain individuals used his social security number to purchase automobiles and other articles." (Docket No. 1-3.) He further alleges that those individuals were prosecuted and that Defendant was aware they were prosecuted, but "defendant . . . harassed the plaintiff in an attempt to collect $69,718.00 by various means and threats, recently on August 7, 2012." (Id.) As a result, Plaintiff alleges that he has suffered

2

**Civil No. 13-1280 (GAG)**

"damages and emotional anguish, in addition to damaging his credit and reputation." (Id.) Lastly, Plaintiff claims that "this case not only involves harassment of a debtor, claimable under 15 USC, but also, there was never a contractual relationship between the parties. This violates the Fair Debt Collection Practices Act of 1970." (Id.)

### III. Discussion

"It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). "Judges are not expected to be mindreaders. Consequently, a litigant has an 'obligation to spell out its arguments squarely and distinctly,' or forever hold its peace." Id. The complaint in this case is devoid of any specific facts and unsuccessfully attempts to recite the elements of a FDCPA claim.

Under the FDCPA, debt collectors are subject to strict liability for their violations. Harrington v. CACV of Colorado, LLC, 508 F. Supp. 2d 128, 132 (1st Cir. 2007). Plaintiff "need only show a violation of one of the FDCPA's provisions in order to make out a prima facie case." Id. However, having cited only "15 USC" and mentioning the FDCPA by name in his complaint, Plaintiff fails to reference any specific provision of the FDCPA that plausibly entitles him to relief.

While Plaintiff does state that he has been harassed by Defendant, presumably implicating § 1692(d), he does not state any specific factual allegations whatsoever, let alone any that plausibly support liability. For there to be harassment under the FDCPA, a plaintiff must sufficiently allege that a debt collector "engage[d] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Plaintiff's only reference to Defendant's conduct is that "the defendant has harassed the plaintiff in an attempt to collect $69,718.00 by various means and threats, recently on August 7, 2012." (Docket No. 1-3.) However, this is conclusory and in no way fact-specific. Furthermore, alleging that the harassment was carried out by "various means and threats" is only a threadbare recital of the

3

**Civil No. 13-1280 (GAG)**

elements. That is the entirety of Plaintiff's complaint, and it does not satisfy Rule 8. See Twombly, 550 U.S. at 570; see also FED. R. CIV. P. 8.

Plaintiff also requests punitive damages in the amount of $500,000 and cites as relevant authority "43 USC, the matter of Shillingford v. Holmes, 512 F. Supp. 656." (Docket No. 1-3 at 2) (errors in the original). However, the court finds no correlation between the allegations made in the complaint and Title 43 of the U.S. Code ("Public Lands"). The case cited by Plaintiff also bears no relevance as it relates to a civil rights violation under 42 U.S.C. § 1983. See generally Shillingford v. Holmes, 512 F. Supp. 656 (E.D. La. 1981). Why Plaintiff saw fit to cite such authority is anyone's guess.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** the motion to dismiss at Docket No. 12.

**SO ORDERED**

In San Juan, Puerto Rico this 31st day of July, 2013.

                *S/Gustavo A. Gelpí*
                GUSTAVO A. GELPÍ
                United States District Judge